UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dale G. Becker,
    Plaintiff

vs

Clermont County Prosecutor,
    Defendant

Case No. C-1-07-511
(Dlott, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 32) and Plaintiff's Motion in Opposition to Defendants Motion for Summary Judgment (Doc. 33).

### BACKGROUND

Plaintiff brings this action against Defendant alleging breach of contract. (Doc. 32). Specifically, Plaintiff asserts that a classification hearing held pursuant to Ohio Revised Code §2950 violated two plea agreements which he entered into in 1991.

On September 23, 1991, Plaintiff entered into two plea agreements with the State of Ohio. (Docs. 3, Complaint, Exs. C, D, attached). Subsequently, a classification hearing was held on January 30, 2001, pursuant to O.R.C. § 2950. Plaintiff admits he was represented by counsel at the hearing. (Deposition of Dale G. Becker, at 20-21). Plaintiff appealed the results of the classification hearing to the Court of Appeals for the Twelfth District of Ohio. Plaintiff attempted further appeal, however, the Supreme Court of Ohio denied certiorari.[1] The Court record is replete with lawsuits filed by Plaintiff in federal court addressing a wide variety of issues. Plaintiff, however, admits that he has exhausted his appeals with respect to the constitutional issues surrounding sex offender classification. (Becker Dep. at 24-26). Following the United States Supreme Court's denial of certiorari, Plaintiff brought the present action for breach of contract. (Id. at 26-27).

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff's

---

[1] The Court takes judicial notice of the previous proceedings in state court. *See Rodic v. Thistledown Racing* Club, 615 F.2d 736, 738 (6th Cir. 1980)(citing *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)).

Complaint fails to establish proper diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is undisputed that the parties are citizens of different states. However, Defendant argues that Plaintiff's Complaint fails to state an amount in controversy, much less one in excess of $75,000. Plaintiff readily admits that he does not seek monetary damages, but proceeds to argue that it is impossible to assess such damages. (Doc. 33, at 2). Plaintiff argues that his damages lie in the fact that he has been forced to relocate his residence four times within one year and that he "will never be a 'free citizen'" as a result of the sex offender notification requirements. (Id.). Plaintiff further argues, without citation to legal authority for such, that this Court does possess jurisdiction to determine a breach of Ohio contract where the amount to controversy does not exceed $75,000.

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Federal courts are courts of limited jurisdiction. For a federal court to hear an action it must have subject matter jurisdiction based on either a federal question, 28 U.S.C. § 1331, or diversity of citizenship among the parties, 28 U.S.C. § 1332. Because federal courts are courts of limited jurisdiction, a party invoking that jurisdiction has the burden of proving it exists. The burden of proof is on the party asserting jurisdiction if it is challenged. *DeWeese v. Big O Tires, LLC* 2009 WL 1163991, *2 (S.D. Ohio 2009)(Rice, J.) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182-83 (1935)).

28 U.S.C. § 1332 provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States. . . .

28 U.S.C. § 1332(a).

In the case sub judice, it is undisputed that there is diversity of citizenship among the parties. Defendant argues that Plaintiff's Complaint makes no mention of monetary damages, nor do his subsequent pleadings. Plaintiff's Complaint, in fact, contains no request for monetary damages. (Doc. 3). Moreover, Plaintiff testified to no monetary damages in response to specific inquiries regarding such. (Becker Dep. at 30-31). Plaintiff's only response to Defendant's argument is to state that the calculation of monetary damages is impossible. (Doc. 33, at pp. 2-3)[2]. Indeed, in Plaintiff's Response to the March 18, 2008 Report and Recommendation, Plaintiff specifically set forth the relief he is seeking:

> **3) The specific relief he is seeking.**
> In brief, Plaintiff's request this Honorable Court to reverse and dismiss any requirements for Plaintiff to be required to register and have all references and records expunge from Plaintiff's record.

(Doc. 14, at p. 5).

In actions seeking declaratory and injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Aus-Tex Exploration* 646 F. Supp.2d 874, 879-880 (W.D.Ky. Feb. 2, 2009)(quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977))(citations omitted). Thus, "[w]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.' " *Lodal, Inc. v. Home Ins. Co. of Ill.,* 156 F.3d 1230, 1998 WL 393766, at *2 (6th Cir.1998) (quoting *Beacon Constr. Co. v. Matco Elec. Co.,* 521 F.2d 392, 399 (2d Cir.1975)). In other

---

[2] Plaintiff specifically states that, "[i]f Plaintiff could determine costs, those costs would be much higher then [sic] $75,000." (Doc. 33, at p. 3).

3

words, in a declaratory judgment action, the general rule is that the amount in controversy is the value to the plaintiff of the rights he seeks to protect. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Grange Mutual Casualty Co. V. Safeco Ins. Co. Of America*, 565 F. Supp.2d 779, 783 (E.D. Ky 2008).

"In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First American Bank,* 916 F.2d 337, 340 (6th Cir.1990). On a motion to dismiss on amount-in-controversy grounds, "the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith, that is, if it appears, to a legal certainty, that the original claim was really for less than the amount-in-controversy requirement." *Gafford v. General Electric Co.,* 997 F.2d 150, 157 (6th Cir.1993). The Sixth Circuit has held that the jurisdictional amount is satisfied "if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Kovacs v. Chesley,* 406 F.3d 393, 397 (6th Cir. 2005)(quoting *Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994, 997 (6th Cir.1976)). However, "a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is 'sufficiently measurable and certain to satisfy the amount in controversy requirement.'" *Davis v. DCB Financial Corp.,* 259 F.Supp.2d 664, 675 (S.D. Ohio March 27, 2003)(quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs, Inc.,* 120 F.3d 216, 218-20 (11th Cir. 1997)).

In the present case, Plaintiff clearly states that he is not seeking monetary damages, but rather, equitable relief as outlined above, *see supra* p. 3. Plaintiff argues that he has been forced to move four times in a one year period as a result of the sex offender registration requirements and that if he "could determine the costs, those costs would be much higher than $75,000...." Nonetheless, Plaintiff specifically acknowledges that determining such damages is impossible. We agree. The injunctive relief sought by Plaintiff, namely that he be exempt from sexual offender registration requirements and all references to such in his record expunged, is simply too speculative and immeasurable to satisfy the amount in controversy requirement. For this reason, we find that Plaintiff cannot in good faith claim the jurisdictional amount and this Court is without subject matter jurisdiction to hear Plaintiff's claim.

Additionally, Defendant argues that, even if subject matter jurisdiction existed, the state court's classification of Plaintiff as a sexual offender subject to registration requirements does not constitute a breach of the plea agreements by the State of Ohio because courts are not bound by the terms of plea agreements. *Montgomery v. Leffler-State of Ohio,* 2008 Ohio 6397 (Ohio Ct. App. Dec. 5, 2008). The crux of Plaintiff's argument appears to be that O.R.C. § 2950, the statute regarding sexual offender classification and registration, was amended following his sentencing, and because, the statute was not referenced either in his plea agreements or at the time of sentencing, such omission constitutes a breach of his plea agreements. The Court of Appeals for the Sixth District of Ohio has specifically held that,

4

> 'Except with regard to constitutional protections against ex post facto laws, ... felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 281-282, 525 N.E.2d 805, quoted in *State v. Cook,* supra, at 412, 700 N.E.2d 570. There is nothing in the record to establish that appellant's conviction was the result of a plea agreement, nor any suggestion of the terms of any such agreement. In any event, the court was not a party to such an agreement, *State v. Brown,* 5th Dist. No.2007 CA 00095, 2008-Ohio-880, ¶ 76, and is not bound by its terms. Thus, amended registration requirements do not offend appellant's right to contract.

*Montgomery*, 2008 Ohio 6397 at P40. The plea agreements entered into between Plaintiff and the State of Ohio make no mention of sexual offender registration. While Plaintiff seeks to attach a deceptive motivation to the absence of such, it simply is not a negotiated term of the "contract" between Plaintiff and the State of Ohio. Moreover, the Court of Common Pleas of Clermont County was not a party to the plea agreement and is not bound by the terms of such. For this reason, we find that the Common Pleas Court's decision to classify Plaintiff as a sexual offender subject to registration requirements does not constitute a breach of the plea agreements between Plaintiff and the State of Ohio.

For the reasons stated above, we find Defendant's Motion for Summary Judgment to be well taken and recommend that the motion be granted and Plaintiff's Complaint be dismissed against Defendant.

### IT IS THEREFORE RECOMMENDED THAT:

1) Defendant's Motion for Summary Judgment (Doc. 32) be GRANTED.

2) Plaintiff's Complaint (Doc. 3) be DISMISSED and this case be TERMINATED upon the Court's docket.

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/28/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\SUMJUDG\Becker.msj.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Dale G Becker
    3001 W. Highway 146
    LaGrange, KY 40032

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7002 3150 0000 8389 8589

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv511 (Doc. 36)